# EXHIBIT A

Case 7:07-cv-00952-WCC   Document 1-2   Filed 02/09/07   Page 1 of 9

SUPREME COURT OF THE SATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------X
NADINE ASPILAIRE,

                                Plaintiff,

      - against -

WYETH PHARMACEUTICALS, INC.,

                              Defendant.
-----------------------------------------------------------X

SU-2007-00039

Index No.
Plaintiff designates
ROCKLAND COUNTY
as the place of trial

ROCKLAND COUNTY
The basis of the venue is
PLACE WHERE
CONDUCT OCCURRED

To the above named defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Carle Place, New York
       January 9, 2007

                                              Attorney(s) for Plaintiff

                                              THE LAW OFFICE OF
                                              STEVEN A. MORELLI
                                              One Old Country Road, Suite 347
                                              Carle Place, New York 11514
                                              (516) 393-9151

TO:    Wyeth Pharmaceuticals, Inc.
        401 North Middletown Road
        Pearl River, NY 10965

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------x
NADINE ASPILAIRE,

                Plaintiff,

  -against-

WYETH PHARMACEUTICALS, INC.,

                Defendant.
---------------------------------------------------------------x

Index No. 395/07

**COMPLAINT**

FILED MC

JAN 12 2007

ROCKLAND COUNT
CLERK'S OFFICE

Plaintiff, NADINE ASPILAIRE, by and through her attorneys, The Law Office of Steven A. Morelli, complaining of the Defendants herein, alleges as follows:

## PRELIMINARY STATEMENT

1. Approximately 90% of upper management at the Wyeth Pharmaceuticals facility in Pearl River, New York is white. Fraternization, characterized by discriminatory favoritism, has created an environment at Wyeth whereby black employees are excluded from promotion into upper management, paid less, harassed, and retaliated against due to nothing more than the color of their skin, and their complaints go unanswered.

2. This is a civil action for violation of state protected rights brought pursuant to New York Executive Law § 296 and 42 U.S.C. § 1981, and contains any other causes of action that can reasonably be inferred from the facts set forth herein. Plaintiff is seeking damages based upon Defendant's unlawful discrimination causing Plaintiff to suffer financial, physical, emotional, and psychological damages.

## PARTIES

3. Plaintiff NADINE ASPILAIRE, at all times hereinafter mentioned, was and still is a resident and domiciliary of the State of New York, County of Westchester.

4. Upon information and belief, Defendant WYETH PHARMACEUTICALS, INC. ("Wyeth") was and still is a foreign corporation duly authorized to do business in New York, with an office located in Pearl River, County of Rockland, State of New York

## ALLEGATIONS COMMON TO ALL CLAIMS

5. American Cyanamid, a corporation, was taken over by American Home Products, a corporation, in 1996.

6. American Home Products became Wyeth in or about 2003.

7. All references to "Wyeth" in this Complaint are to be construed as also referring to American Cyanamid or American Home Products to the extent that any allegations refer to events that occurred before 2003.

8. Plaintiff is a 31 year-old Haitian-American female.

9. Plaintiff has a Bachelor's degree in Organizational Management and an Associates Degree in Mathematics and Science.

10. Wyeth hired Plaintiff in January of 2000 as a Packaging Operator.

11. In December of 2000, Plaintiff became the Lead Biological Operator in the Vaccines Department at Wyeth.

12. Plaintiff was a model employee, and in five years of employment with Wyeth, Plaintiff was never "written up" or disciplined in any way.

2

13. As a Lead Biological Operator, Plaintiff had heightened responsibilities over Biological Operators.

14. Part of the duties of a Biological Operator involved working on an inspection line and part involved working on a packaging line.

15. As a Lead Biological Operator, it should have been uncommon for Plaintiff to be assigned to the inspection line every day.

16. Plaintiff was assigned to the inspection line every day despite complaining to management about the scheduling.

17. In fact, many black employees were continually assigned to work on the inspection line every day while other white employees were permitted to rotate their job functions as per their requests.

18. Plaintiff's requests to rotate her job duties were not granted. When similarly situated white employees requested a move from inspections, their requests were routinely granted. In fact, on at least two occasions, plaintiff was moved back to inspections, to meet the requests of white employees to be shifted out of the inspection area.

19. Plaintiff's situation did not change after she complained about the scheduling.

20. Plaintiff took her complaints to the Human Resources Department (Christine) and informed her that she believed she and other black employees were being discriminated against in the scheduling.

21. The Human Resources Department failed and refused to remedy the situation.

22. Plaintiff was retaliated against for taking her complaints to the Human Resources Department, in many ways, including more strict scrutiny about the use of sick days

3

and personal days, a timeline to promote, and general disrespect and disdain in the workplace.

23. One supervisor, Aktar (last name unknown) specifically told another employee that he would not schedule Plaintiff because she "runs to Human Resources too much."

24. In or about September 2004, Plaintiff learned that many managerial positions had opened due to a shift in management at Wyeth.

25. Plaintiff inquired about obtaining a managerial position and was told to submit an essay describing her skills.

26. Plaintiff's application was mainly for the position of Documentation Specialist.

27. The application was submitted to Bryan Uram, a white manager at Wyeth.

28. Plaintiff was interviewed by Bryan Uram and was specifically told that other candidates were of no interest to him and that "the light was shining" on Plaintiff for the position.

29. Plaintiff was well qualified for the position of Documentation Specialist. Plaintiff was told that there would be a second interview, but upon it being scheduled, it was unexplainably cancelled.

30. Plaintiff never received any further response from Wyeth despite being told that there were three openings for the position of Documentation Specialist.

31. Instead, Wyeth granted two of the positions to Susan Price and an employee named, upon information and belief, Gladys (last name unknown), both of whom are white employees. The third position was granted to a black employee named Louvenia (last name unknown).

4

32. Prior to receiving the position as Documentation Specialist, Gladys had a less senior position than Plaintiff in that Gladys was only a Biological Operator.

33. Susan Price was less qualified than Plaintiff in that Susan Price never worked on a production line, so she could not understand the applicable processes necessary to one's knowledge if one is a Documentation Specialist.

34. Plaintiff repeatedly requested that she be afforded the training necessary to be considered for future promotion, training regularly offered to white employees. Plaintiff was either denied such requests, or she was put off indefinitely.

35. Plaintiff was repeatedly denied the opportunity to work different, more favorable, shifts in favor of non-black employees, despite her seniority and her repeated requests.

36. Plaintiff voluntarily resigned her employment at Wyeth in April of 2005 specifically because she was continually being denied opportunities for advancement, and because she was being treated differently than her white counterparts.

37. Plaintiff was also denied a salary increase, which affected Plaintiff's income from December 2001 to April 2005.

38. After one year of employment in a position, a Wyeth employee was supposed to receive a top labor grade entitling the employee to a salary increase.

39. Wyeth initially denied Plaintiff this entitlement for the reason that she was missing training necessary to receive a top labor grade.

40. This reason was pretextual in that Plaintiff was never offered the training that Wyeth claimed she lacked and no other similarly situated employee was required to go through the training that Wyeth claimed was necessary.

5

41. As a result of the aforementioned conduct, Defendant caused Plaintiff to suffer loss of earnings and accrued benefits, in addition to great pain and humiliation, as well as physical and emotional damages.

## CLAIMS FOR RELIEF

42. By reason of the foregoing, Defendant has unlawfully discriminated against Plaintiff in her compensation, terms, and/or privileges of employment, and has denied her the same rights to contract and employment as enjoyed by white persons, because of her race, in that she was subjected to adverse actions and/or an atmosphere of adverse acts which went unabated; was not promoted; and was denied salary increases in violation of N.Y. Exec. Law § 296 and 42 U.S.C. § 1981.

43. By reason of the foregoing, Defendant has unlawfully discriminated against Plaintiff in her compensation, terms, and/or privileges of employment, and has denied her the same rights to contract and employment as enjoyed by white persons, in retaliation for making a complaint of discrimination, in that she was not promoted; was denied salary increases; and was subjected to adverse actions and/or an atmosphere of adverse acts which went unabated in violation of N.Y. Exec. Law § 296 and 42 U.S.C. § 1981.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

   a) Awarding money damages in the sum of $1,000,000.00 (One Million Dollars);

   b) Awarding punitive damages to Plaintiff in an amount to be determined by a jury;

c) Granting a permanent injunction enjoining Wyeth from any further actions abridging the Plaintiff's rights, including but not limited to, an injunction preventing Wyeth or any of its agents or employees from providing negative, misleading, or disparaging references pertaining to Plaintiff's employment; and,

d) Awarding reasonable attorneys fees; and further,

e) Granting such other and further relief that to the Court seems just and proper.

Dated: Carle Place, New York
January 5, 2007

THE LAW OFFICE OF
STEVEN A. MORELLI
Attorneys for Plaintiff

One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 393-9151

By: Steven A. Morelli, Esq.

7